**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DARRELL RICHARD VANDENBERG,

      Plaintiff,

  v.                                                                   No. CIV 12-0465 LH/LAM

RAMON RUSTIN, CHIEF DIRECTOR OF MDC,
KARI BRANDENBURG DISTRICT ATTORNEY,
BERNALILLO COUNTY SHERIFF'S DEPARTMENT,
DETECTIVE JACOBS,

      Defendants.


MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For reasons set out below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See*

*Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his complaint, Plaintiff alleges that since 2001 he has been a registered sex offender under

New Mexico's Sex Offender Registration and Notification Act, N.M. Stat. Ann. § 29-11A-1 to -10

(Repl. Pamp. 2004, Cum. Supp. 2012) ("NMSORNA").  He alleges that because he is homeless he

cannot comply with the terms of the registration requirements in the statute.  As a result of the

statute's requirements, he has lost employment and housing opportunities, and has been re-

incarcerated several times.  Plaintiff contends that the statute violates certain unspecified rights

under the Fifth and Fourteenth Amendments.  For relief, he asks to be permanently relieved of all

requirements of the sex offender registration statute, and to be relocated with a stipend for expenses.

No relief is available on Plaintiff's claims.  First, as described in a recent opinion by the

Court of Appeals for the Tenth Circuit, "In [*Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1

(2003)], the Court held [a state] sex offender registration statute did not violate the procedural due

process rights of individuals who had already been convicted of sexual offenses because 'the law's

requirements turn on an offender's conviction alone--*a fact that a convicted offender has already*

*had a procedurally safeguarded opportunity to contest*.['] "  *Brown v. Montoya*, 662 F.3d 1152,

1168 (10th Cir. 2011) (internal citations omitted).

Furthermore, recent judicial decisions have rejected constitutional attacks on New Mexico's

statute.  As stated by both the Court of Appeals for the Tenth Circuit and the New Mexico Court of

Appeals, the NMSORNA does not violate due process rights of convicted sex offenders.  *See State*

*v. Druktenis*, 86 P.3d 1050, 1084 (N.M. Ct. App. 2004) (rejecting due process challenge to the New Mexico act); *and cf. Brown v. Montoya*, 662 F.3d at 1168 (noting due process prohibits registration of non-sex-offenders).  Here, Plaintiff does not allege that he was wrongly forced to register as a sex offender, *cf. State v. Williams*, 141 P.3d 538, 542 (N.M. Ct. App. 2006) ("we reverse the imposition of registration under SORNA as a condition of [a non-sex offender]'s probation."), or "that he had no . . . opportunity to challenge his classification as a sex offender," *Gwinn v. Awmiller*, 354 F.3d 1211, 1224 n. 6 (10th Cir. 2004).  Because the NMSORNA's registration requirements do not infringe Plaintiff's due process rights, his complaint does not state claims for relief under § 1983. The Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed under 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and an initial partial filing fee payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, other pending motions are DENIED as moot, and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE